## LOVE et al. v. EXCHANGE TRUST CO.

No. 16477—Opinion Filed July 7, 1925.

### Appeal and Error — Dismissal — Frivolous Appeals.

Where no defense is offered to an action, an appeal therefrom is frivolous and will be dismissed.

Appeal from District Court, Bryan County; Porter Newman, Judge.

Action by the Exchange Trust Company against Edward Davis Love et al. Judgment for plaintiff, and defendants bring error. Appeal dismissed.

Phillips & Phillips, for plaintiffs in error.

Hatchett & Semple, for defendant in error.

PER CURIAM. This case is appealed from the district court of Bryan county, and the parties will be designated as they appeared in the court below. Plaintiff sued the defendants to recover on two notes for $250 each, and to foreclose a second mortgage on certain real estate executed by defendants to secure the payment of the same.

A first mortgage had been executed by the defendants in the sum of $7,500, and the notes sued on were commission notes for negotiating the loan. Defendants answered and set up defense of usury. Plaintiff filed a reply, denying the averments of the answer, and introduced in evidence the notes and mortgage and rested.

Defendants offered no evidence except that of the defendant Edward Davis Love. Mr. Love testified that the first mortgage ran for a period of seven years and that the rate of interest he contracted to pay was seven and two, or seven and something, and that he did not remember exactly, meaning, it may be inferred, that he was to pay seven per cent. interest on the loan and two per cent. for negotiating the same. Defendants executed four commission notes of $250 each, but two of them had been paid when this action was brought. The evidence of Mr. Love failed to show usury, but, on the other hand, shows affirmatively that no usury was charged. Mr. Love further testified that when he paid the last commission note, of the two that have been paid, that plaintiff failed to give him credit for $4.50 and that he refused to pay any more or to have anything more to do with plaintiff. Upon the conclusion of the testimony of this witness, the court instructed the jury to return a verdict in favor of plaintiff, which it did, and the court rendered judgment accordingly. There is no defense to this action, and the appeal is clearly frivolous, and only results in delay. The appeal is dismissed.