## BARKER v. CHASE et al.

No. 18585.　Opinion Filed Oct. 18, 1927.

Rehearing Denied Nov. 15, 1927.

(Syllabus.)

**1. Appeal and Error—Dismissal as Frivolous of Appeal Taken for Delay.**

Where no defense is offered to an action and the record shows the appeal therefrom is taken for the purpose of delay, the appeal will be held to be frivolous and will be dismissed.

**2. Bills and Notes—Right to Recover Attorney's Fees as Costs in Suit on Vendor's Lien Notes not Affected by Fact that Plaintiff is an Attorney.**

Where the owner and holder of notes providing for a vendor's lien on real estate brings suit thereon, employs attorneys to try the cause and recover judgment for the foreclosure of such lien, he is entitled to recover reasonable attorney fees, to be taxed as costs in the action, and the fact that he is an attorney does not affect this right.

Error from District Court, Washington County; J. R. Charlton, Judge.

Action by W. A. Chase et al. against Norman Barker. Judgment for plaintiff, and defendant appeals. Dismissed.

Norman Barker, for plaintiff in error.

A. S. Sands and C. W. Pennel, for defendants in error.

PER CURIAM. This cause is appealed from the district court of Washington county, in which the parties will be designated as they appeared in the trial court. The plaintiff in error herein was the defendant therein. The plaintiffs sued the defendant to recover on two promissory notes, and to foreclose vendor's lien for the unpaid balance of the purchase price of real estate as provided in said notes, and for attorney's fee to be taxed as costs in the action. The defendant answered in the trial court and denied the allegations of indebtedness, and alleged that the amount was incorrectly stated in said notes. The plaintiffs introduced the notes in evidence, together with competent evidence to sustain the same. The defendant offered no evidence whatever in defense of this action. The trial court rendered judgment for the plaintiffs according to the terms and conditions of said notes, and for attorneys' fees in the sum of $100, from which judgment the defendant appeals. The notes sued on were executed by the defendant for the unpaid balance of the purchase price of the real estate described

therein, but contain no provision for the payment of attorney's fees.

It appears from the record that the plaintiffs and the defendant in this action are all attorneys at law. The plaintiffs prepared and filed a petition in this cause and signed the same as attorneys for the plaintiffs. The record shows that the cause was tried by C. W. Pennel, an attorney at law, as attorney for plaintiffs, who had participated in the action for a considerable time prior to the trial of the case.

Plaintiff in error in the petition complains of the action of the trial court rendering judgment against him for the sum of $100 attorney fees, in that the plaintiffs in the case are shown to be practicing attorneys and without necessity enrolled additional counsel at and during the trial. The defendants in error have filed herein their motion to dismiss this cause for the reason that the appeal is frivolous and without merit and taken for the sole purpose of delay. The only question put in issue by the pleading in this action was the amount due plaintiffs, and the defendant offers no evidence in the case affecting the amount of the claim sued on. There was no defense to the action, and the only question raised by the appeal is whether or not the court erred in rendering judgment for the attorney fees where plaintiffs themselves are attorneys and could have presented their own case.

It is not questioned but that this action was not only to recover upon the notes sued on, but also to enforce a vendor's lien. Evidence was introduced by the plaintiffs and received by the court as to value of attorney fees in this action, and the plaintiffs having recovered in the action, an attorney fee may properly be included in the costs. Sections 7427 and 7482, C. O. S. 1921. The defendant, by his answer, made an issue to be tried, thereby brought about the contest in the trial court, and we know of no law that would preclude the plaintiffs from employing attorneys to represent them under such conditions.

"Where no defense is offered to an action, an appeal therefrom is frivolous and will be dismissed." Love et al. v. Exchange Trust Co., 113 Okla. 35, 238 Pac. 406; Weston v. Blythe, 108 Okla. 55, 233 Pac. 693.

The plaintiff Campbell, in response to a question by the defendant, testified as follows:

"You said you were going to object to it and take an appeal to the Supreme Court in order to get time."

This testimony is undisputed by the de-

fendant. There is manifestly no error in the action of the trial court in rendering judgment in this cause, and in view of testimony above quoted, we conclude that the appeal is not only without merit and frivolous, but is taken for the sole purpose of delay. The appeal is hereby dismissed.

Note.—See under (1) 4 C. J. p. 574, §2382. (2) 39 Cyc. p. 1885.